# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# CENTRAL DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 13 |
|  | ) | Case No. 23-41072-EDK |
| RICHARD DICATO, JR., | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |

## MEMORANDUM OF DECISION

Before this Court are the Chapter 13 Trustee's Objection to Debtor's Exemptions (the "Objection to Exemptions") and the Chapter 13 Trustee's Objection to Confirmation of Debtor's Chapter 13 Plan (the "Objection to Plan") filed by David A. Mawhinney, the standing Chapter 13 trustee (the "Trustee"). At the heart of each of the objections is the Trustee's contention that the exemption in real property claimed by the debtor, Richard Dicato, Jr. (the "Debtor") is invalid because the Debtor's declared homestead exemption fails to identify the Debtor's non-titled spouse. Accordingly, the Court must determine the validity of the Debtor's claimed exemption under the Massachusetts homestead exemption statute, Mass. Gen. Laws ch. 188, §§ 1 *et seq.* (the "Homestead Statute").

I.   FACTS AND POSITIONS OF THE PARTIES

The facts material to the Court's decision are fairly straightforward and not in dispute. In 2006, the Debtor acquired real property in Fitchburg, Massachusetts (the "Property") which the Debtor continues to occupy as the Debtor's principal residence. On December 19, 2023, the Debtor executed a declaration of homestead (the "Homestead Declaration"), which identifies the

1

Debtor as the owner of the Property, states that the Debtor occupies the Property as the Debtor's residence, is signed under pains and penalties of perjury, and was recorded in the appropriate registry of deeds. However, the Homestead Declaration does not identify the Debtor's non-titled spouse (the "Spouse"), whom the Debtor married in 2008. Two days after the Homestead Declaration was recorded, on December 21, 2023, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"),[1] and later converted the case to one under Chapter 13.

On Schedule A/B filed in connection with the bankruptcy case, the Debtor reported the current value of the Property as $328,125. U.S. Bank National Association has filed a proof of claim indicating that it holds a first mortgage on the Property in the amount of $121,424.14, leaving $206,700.86 in unencumbered equity in the Property. On Schedule C, the Debtor claimed an exemption in the Property in the amount of $203,870 pursuant to Mass. Gen. Laws. Ch. 188, §§ 1 and 3. The Chapter 13 plan proposed by the Debtor provides for 36 monthly payments of $100 per month and promises to provide a 3% dividend to general unsecured creditors (which the Debtor estimated at about $95,000) by paying a total of $3,225.60 to general unsecured creditors through the plan.

The Chapter 13 trustee filed the Objection to Exemptions and Objection to Plan because the Trustee believes that the Debtor's Homestead Declaration is invalid in light of the Debtor's failure to identify his non-titled spouse on the declaration, as required by § 5(a)(1) of the Homestead Statute. Because that section requires an owner claiming a declared homestead exemption to identify a non-titled spouse, the Trustee says that even a liberal construction of the Homestead Statute would not permit this Court to ignore the plan language of the statute, rendering

---

[1] *See* 11 U.S.C. §§ 101 *et seq.* All statutory references are to provisions of the Bankruptcy Code unless otherwise stated.

2

the declaration invalid. According to the Trustee, if the Debtor's Homestead Declaration is invalid, then, pursuant to § 1325(a)(4), the Debtor must provide a 100% dividend to unsecured creditors, as that section requires a Chapter 13 plan to provide a dividend to unsecured creditors that is at least equal to the amount that would be paid if the case were liquidated under Chapter 7. And, should a 100% dividend be required, the plan payment would far exceed the Debtor's disposable income, rendering the plan unconfirmable under § 1325(a)(6).

The Debtor urges the Court to liberally construe the Homestead Statute and determine that the Homestead Declaration is valid as to the Debtor. The Debtor argues that the Homestead Declaration substantially complies with the material requirements of the Homestead Statute and should not be declared invalid solely on grounds that the non-titled spouse was not identified. If the Homestead Declaration is valid, there would be no nonexempt equity in the Property that would be available for distribution to unsecured creditors if the case were liquidated under Chapter 7, thus, the Debtor contends, the Chapter 13 plan meets the requirements of § 1325(a)(4) and should be confirmed.[2]

II.    DISCUSSION

Section 522 of the Bankruptcy Code permits debtors to exempt certain property from the bankruptcy estate, thus protecting that property from liquidation for the benefit of creditors. 11 U.S.C. § 522. Debtors are given the option of claiming exemptions under the Bankruptcy Code

---

[2] The Court notes that Debtor only claimed an exemption of $203,870 in the Property even though, based on the scheduled value of the Property and the amount of the filed proof of claim by the mortgagee, the unencumbered equity in the Property is $206,700.86, leaving $2,830.86 in nonexempt equity in the Property based on the Debtor's claimed exemption. It is unclear why the Debtor did not claim the maximum exemption of $500,000 that would be available to the Debtor if the Homestead Declaration is found to be valid. But given that the Chapter 13 plan as currently proposed indicates that $3,225.60 will be distributed to unsecured creditors, the plan would satisfy the requirements of § 1325(a)(4) notwithstanding the Debtor's failure to claim the full amount of the equity in the Property as exempt on Schedule C.

3

itself, *see* 11 U.S.C. § 522(d), or may claim exemptions pursuant to applicable non-bankruptcy law. 11 U.S.C. § 522(b)(1).[3] In this case, the Debtor has chosen to claim exemptions available under Massachusetts law, including an exemption in the Property available pursuant to the Massachusetts Homestead Statute. Under the version of the Homestead Statute in effect at the time of the Debtor's bankruptcy filing, all Massachusetts homeowners (and their families) were entitled to an "automatic" homestead in a principal residence in the amount of $125,000. *See* M.G.L. ch. 188, §§ 1, 4. However, a Massachusetts homeowner may obtain even greater homestead protections by executing and recording a written declaration of homestead in the appropriate registry of deeds. *See* M.G.L. ch. 188, §§ 1, 3, and 5. As of the petition date, the amount of a declared homestead exemption in Massachusetts was $500,000.

Should the Court determine that the Debtor's Homestead Declaration is invalid, the amount available for distribution to unsecured creditors after liquidation of the Property would be $81,700.86 (the value of the Property less the first mortgage and the $125,000 automatic homestead exemption), less the payment of administrative expenses in a Chapter 7 case.[4] And since § 1325(a)(4) provides that a Chapter 13 debtor must pay unsecured creditors an amount that is no less than what they would receive in a Chapter 7 liquidation, the Debtor's plan would not be confirmable if the Homestead Declaration is determined to be invalid, as the current Chapter 13 plan proposes a distribution to unsecured creditors in a far lesser amount. If, however, the Court

---

[3] This ability to choose the federal bankruptcy exemptions may be limited "[i]f a state has 'opted out' of the federal exemption scheme," limiting its resident debtors to those exemptions available under nonbankruptcy law. *Shamban v. Perry (In re Perry),* 357 B.R. 175, 178 (B.A.P. 1st Cir. 2006). "Massachusetts permits its debtors to elect between the state and federal exemption alternatives." *Id.*

[4] The Trustee has argued that, should the Homestead Declaration be determined to be invalid, the amount of $206,700.86 would be available for distribution to unsecured creditors in a Chapter 7 case. That assertion ignores the Debtor's ability, in the face of an invalid declared homestead exemption, to claim the $125,000 automatic exemption provided for by M.G.L. ch. 188, § 4.

4

determines that the Debtor's Homestead Declaration *is* valid, then the Debtor's exemption claimed on Schedule C would be effective, compelling a determination that the Chapter 13 plan as currently drafted may be confirmed.

The Court has been unable to locate any written decision involving facts identical to those presented in this case. Therefore, in determining the validity of the Debtor's claimed homestead exemption under Massachusetts law, the Court must endeavor to predict "how the Massachusetts state courts would rule if presented with the same question." *Perry*, 357 B.R. at 179.

Section 3(a) of the Homestead Statute provides:

> An estate of homestead to the extent of the declared homestead exemption in a home may be acquired by 1 or more owners who occupy or intend to occupy the home as a principal residence. The estate of homestead shall be created by a written declaration executed and recorded in accordance with section 5. A homestead declaration shall benefit each owner making the declaration and that owner's family members who occupy or intend to occupy the home as their principal residence. The homestead rights of non-titled family members shall consist of the right to use, occupy and enjoy the home as their principal residence.

M.G.L. ch. 188, § 3(a). Section 5(a) of the Homestead Statute then provides, in relevant part:

> A declaration of homestead shall be in writing, signed and acknowledged under penalty of perjury by each owner to be benefited by the homestead . . . shall be recorded and shall comply with the following:
>
> (1) each owner to be benefited by the homestead, and the owner's non-titled spouse, if any, shall be identified;
>
> (2) the declaration shall state that each person named therein occupies or intends to occupy the home as their principal residence;

M.G.L. ch. 188, § 5(a)(1), (2).

It has been stated that, with respect to the Massachusetts Homestead Statute, "a declarant must comply with the explicit statutory filing requirements in order to obtain an estate of homestead." *In re McComber*, 422 B.R. 334, 338 (Bankr. D. Mass. 2010) (quoting *Perry*, 357 B.R. at 178). However, the Massachusetts Supreme Judicial Court (the "SJC") has rejected a strict

5

construction standard, holding that "in light of the public policy and the purpose of the statute, the State homestead exemption should be construed liberally in favor of the debtors." *Dwyer v. Campellin*, 673 N.E.2d 863, 866 (Mass. 1996). In *Dwyer*, the SJC ruled that a declaration of homestead that identified the property at issue, contained a written declaration of an intent to hold the property as a homestead, and was signed and sealed, acknowledged, and recorded in the appropriate registry of deeds was valid, notwithstanding that the declaration failed to strictly comply with the statute (the declaration was signed by multiple owners of the property, while the statute allowed for only one owner to claim the homestead). *Id.* at 867. Noting that the Homestead Statute in effect at that time did not state that a second signature would render the homestead invalid, and construing the homestead statute liberally, the SJC held that the declaration was not completely invalidated. *Id.* Instead, the court concluded that the declaration was valid as to the first signatory (and a nullity as to the second). *Id.*

Applying the principal of liberal construction espoused in *Dwyer*, the bankruptcy court in *In re Zakarian* held that a homestead declaration that contained the essential material elements required by the Homestead Statute was valid notwithstanding a lack of strict compliance with the statute. 570 B.R. 680, 686 (Bankr. D. Mass. 2017). In *Zakarian*, although the homesteaded property was owned by the debtor and the debtor's spouse, the debtor recorded a declaration of homestead as trustee of a trust that formerly owned the property. *Id.* at 865. Ultimately, the Court found that the declaration substantially complied with the Homestead Statute because it identified each owner to be benefited by the declaration and stated that the debtor occupied or intended to occupy the home as his personal residence. Therefore, despite the infirmities in the declaration of homestead, the *Zakarian* court ruled that that the declaration was valid, because it

> touches all the bases required by M.G.L. c. 188, § 5, not squarely for sure, but that is not necessary. In light of the Massachusetts Supreme Judicial Court's

6

> admonition to liberally construe the homestead statute in favor of declarants, I conclude that even [the debtor's] ephemeral brush of the bases will suffice. Anyone inquiring of the public record will learn that [the debtor] declared a homestead in the Braintree property as an owner. The inaccuracy as to the derivation of his ownership interest "prejudices no one," beyond those whom the Homestead Act was intended to prejudice.

570 B.R. at 686 (quoting *In re Newcomb*, 513 B.R. 7 (Bankr. D. Mass. 2014)) (internal citations omitted).

The bankruptcy court in *In re Luu* also acknowledged that "courts construing the Massachusetts Homestead Act have determined that substantial compliance with the statute is sufficient in some cases where there is no prejudice to creditors." Case No. 21-40233-CJP, 2022 WL 1272138, at *2 (Bankr. D. Mass. April 18, 2022). In the *Luu* case, the trustee objected to the debtor's claimed exemption in real property under the Massachusetts Homestead Statute on multiple grounds. The court held that the debtor's failure to sign the homestead declaration under penalty of perjury rendered the declaration invalid, as the legislature appeared to intend any false statements as to the owners to be benefitted by the declaration or statements as to occupation or intent to occupy the residence as a principal residence to be punishable by penalty of perjury. *Id.* at *3. Having found the declaration invalid on that ground, the court did not reach the trustee's argument that the homestead declaration was invalid based on the debtor's failure to identify a non-titled spouse. However, the court specifically noted that such an objection "may have allowed [the court] more latitude in determining compliance with the Massachusetts Homestead Act." *Id.*

Here, the Debtor's Homestead Declaration is in writing, identifies the owner (the Debtor), is signed and acknowledged under penalty of perjury by the owner (the Debtor) to be benefited by the homestead, states that the Debtor occupies or intends to occupy the Property as the Debtor's residence, and was recorded in the appropriate registry of deeds. With regard *to the Debtor*, the declaration therefore complies with all the applicable requirements set forth in § 5(a) of the

7

Homestead Statute. As in *Zakarian*, anyone inquiring of the public record would be aware that the Debtor was claiming a homestead exemption in the Property as an owner of the Property and, therefore, there is no prejudice to any creditor. Given this material compliance, lack of prejudice to any creditor, and the SJC's admonition that the Massachusetts Homestead Statute must be construed liberally in favor of debtors, the Court predicts that the Massachusetts courts would find that the Homestead Declaration is valid.

III. <u>CONCLUSION</u>

For all the foregoing reasons, the Trustee's Objection to Exemptions and Objection to Plan are OVERRULED. Orders in conformity with this memorandum will issue forthwith.

DATED: November 26, 2024　　　　　　　By the Court,

　　　　　　　　　　　　　　　　　　　　　*Elizabeth D. Katz*
　　　　　　　　　　　　　　　　　　　　　Elizabeth D. Katz
　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge